UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DAPHNE MCELROY and | ) | |
| BRAYONE MURFF, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-11555 |
|     v. | ) | |
| | ) | Judge Joan B. Gottschall |
| OFC. CARMONA, OFC. PAUL | ) | |
| F. ROZANSKI #19018, OFC. MOHAMMED | ) | |
| #18605, OFC. JOHN DOE Individually, and the | ) | Magistrate Judge Beth Jantz |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| | ) | Jury Demand |
|     Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, DAPHNE MCELROY and BRAYONE MURFF, by and through their attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605, and OFC. JOHN DOE, Individually, and the CITY OF CHICAGO, as follows:

**COUNT I — 42 U.S.C. §1983 FALSE ARREST**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, DAPHNE MCELROY and BRAYONE MURFF, accomplished by acts and/or omissions of the Defendants OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, individually and officially, committed under color of law. Jurisdiction lies pursuant to 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Illinois.

2. The Plaintiff, DAPHNE MCELROY, and BRAYONE MURFF, at all times were United States citizens and residents of Wisconsin and Illinois respectively.

1

3. The Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, at all relevant times were Police Officers of Chicago, Illinois, acting within their scope of employment and under the color of law.

4. On June 5, 2024, DAPHNE MCELROY was driving with her husband and her 7-year-old son southbound on Kedzie in Chicago, Illinois.

5. DAPHNE MCELROY was not committing any crimes or breaking any laws.

6. As she was driving, she was pulled over by the individual defendant officers.

7. DAPHNE MCELROY was informed that her brake lights were not working, which was not true.

8. Without any basis, the Plaintiff was questioned about drugs.

9. Without just cause, the Plaintiff was ordered out of her vehicle.

10. DAPHNE MCELROY and BRAYONE MURFF were both handcuffed.

11. Plaintiff was afraid and embarrassed by being arrested, handcuffed, and taken into custody in front of their 7-year-old son.

12. There were no facts that supported any probable cause of a crime by either Plaintiff.

13. The seizure of the plaintiffs was pretextual.

14. The Plaintiffs were held for approximately forty-five minutes to an hour.

15. The actions of the Defendants were intentional, willful, and wanton.

16. As a direct and proximate consequence of said conduct of the Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605, and OFC. JOHN DOE, the Plaintiffs, DAPHNE MCELROY and

2

BRAYONE MURFF, suffered violations of their constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, and damage to her reputation.

17. The actions of the Defendants violated Plaintiffs' Fourth Amendment rights as protected by 42 U.S.C. §1983.

**WHEREFORE,** the Plaintiff, DAPHNE MCELROY and BRAYONE MURFF, prays for judgment in her favor and against the Defendant, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## <u>COUNT II – UNLAWFUL SEARCH</u>

1-14. The Plaintiffs, DAPHNE MCELROY and BRAYONE MURFF reallege and incorporate their allegations of paragraphs 1 – 14 of Count I as their respective allegations of paragraphs 1 - 14 of Count II as though fully set forth herein.

18. During the seizure, the Defendants searched the Plaintiffs' vehicle.

19. There was no legal basis to search their vehicle.

20. The actions of the Defendants were done to harass and emotionally damage the Plaintiffs.

21. The actions of the defendants were intentional, willful, and wanton.

22. As a direct and proximate consequence of said conduct of the Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, the Plaintiff, DAPHNE MCELROY and BRAYONE MURFF, suffered violations of her constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, and damage to her reputation.

3

23.     The actions of the Defendants violated Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. §1983.

**WHEREFORE,** the Plaintiffs, DAPHNE MCELROY and BRAYONE MURFF, pray for judgment in their favor and against the Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – INDEMNIFICATION CLAIM / CITY OF CHICAGO

1-20.   The Plaintiffs, DAPHNE MCELROY and BRAYONE MURFF reallege and incorporate their allegations of paragraphs 1 – 20 of Count I and II as their respective allegations of paragraphs 1 - 20 of Count III as though fully set forth herein.

24.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

25.     Defendant, CITY OF CHICAGO, is and/or was the employer of the Defendants, OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE, who acted within the scope of their employment for the CITY OF CHICAGO in committing the misconduct described herein.

26.     If the individual Defendants are found liable, their respective employer will be liable to indemnify them for any compensatory damages and attorney fees and costs under § 1988.

**WHEREFORE,** should Defendant OFC. CARMONA, OFC. PAUL F. ROZANSKI #19018, OFC. MOHAMMED #18605 and OFC. JOHN DOE be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the

4

Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, DAPHNE MCELROY and BRAYONE MURFF, hereby request a trial

by jury.

**Respectfully submitted,**

**DAPHNE MCELROY**
**and BRAYONE MURFF**

/s/ Gregory E. Kulis
Gregory E. Kulis

**Gregory E. Kulis (6180966)**
**Gregory E. Kulis & Associates,**
**Ltd. 134 North LaSalle Street,**
**Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830**
**e. service@kulislawltd.com**

5